46 F.3d 1125
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman KELLY, Plaintiff-Appellant,
v.
Deco RECORDS; Michael A. Lubin; Frank Ski; Two Hyped
Brothers And A Dog; Future Sights; Sounds Music;
Warlock Records, Incorporated; Adam
Levy, Defendants-Appellees.
 No. 94-1169.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 25, 1994.
Decided: January 9, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-93-50-A)
 Herman Kelly, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Herman Kelly appeals the district court's order granting summary judgment for the Defendants in his copyright infringement suit. Because we find that Kelly's claims are either barred by res judicata or by Kelly's settlement agreement with the Defendants, we affirm the order of the district court.
 
 
 2
 Kelly signed a release after he settled a civil action in the district court for the District of Maryland. In that action, Kelly claimed that Defendants were engaged in copyright infringement regarding a song he copyrighted in 1977. The release provided that in consideration for $1000, Kelly agreed to dismiss the suit in Maryland and to release the Defendants from "any and all actions, claims and demands ... on account of or arising out of the alleged use of" Kelly's song.
 
 
 3
 Kelly then commenced an identical civil action in the Eastern District of Virginia, amending his complaint primarily by whiting-out "Maryland" where it appeared and typing in "Virginia." Before filing in Virginia, Kelly added two pages to the original complaint describing events pertaining to the use of the song which occurred after the settlement. Specifically, Kelly alleged several state tort law causes of action. The district court granted the Defendants' motions to dismiss or for summary judgment. Kelly appealed.
 
 
 4
 In support of their motions for summary judgment, the Defendants argued that Kelly's claims were barred by res judicata and settlement. This Court conducts a plenary review of the summary judgment record regarding res judicata determinations. Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), cert. denied, 498 U.S. 900 (1990). Federal law controls the preclusive effect of the earlier federal judgment. Id.; Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir.1986), cert. denied, 480 U.S. 932 (1987). The agreed dismissal in the first case operates as an adjudication on the merits as to the named parties. Harnett, 800 F.2d at 1312. Therefore, those portions of the complaint filed in the Eastern District of Virginia which are identical to the complaint filed in the District of Maryland are barred by claim preclusion and were ripe for summary judgment.*
 
 
 5
 Notwithstanding that conclusion, those portions of Kelly's second complaint which describe incidents which occurred after the filing of the first complaint "remain viable." See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 775 (4th Cir.1991). These amendments contain only state law causes of action in tort which are closely associated with Kelly's attempt to reopen negotiations concerning payment for the song. The release filed in the first action is sufficiently broad to bar Kelly from bringing the state law claims. Kelly released Defendants from liability for "any and all actions, claims and demands ... on account of or arising out of the alleged use of" the song. Consequently, the district court did not err in dismissing Kelly's state law claims.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Accordingly, Kelly's motion for an injunction is denied. We also deny Kelly's request for a writ of seizure. See 17 U.S.C. Sec. 501, Rule 4 (1988)